JRS/GK/DAS
F.#2021R00900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     -against-

CARLOS WATSON and
OZY MEDIA, INC.,
                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

      STIPULATION & PROTECTIVE ORDER

      No. 23-CR-82 (EK)

      WHEREAS, the discovery materials to be provided by the government in the above-captioned case contain sensitive information, including, but not limited to, financial information and personally identifiable information regarding various specific individuals and entities, including information relating to the names, bank account numbers, addresses, email addresses, telephone numbers, social security numbers and dates of birth of those other individuals (collectively, hereinafter "PII"), commercially sensitive information, and information that would identify individuals and entities as victims of a crime;

      WHEREAS, the discovery materials to be provided by the government in the above-captioned case contain documents that may be subject to claims of privilege or work-product protection by Ozy Media, Inc., or Carlos Watson;

      WHEREAS, the discovery materials to be provided by the government in the above-captioned case are voluminous — exceeding one million documents in total — and a document-by-document review by the government to redact sensitive or privileged information would unduly delay discovery and the case;

1

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys, individuals and entities and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d) and Federal Rule of Evidence 502(d), that:

1.      All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and/or <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the defendants and the defendants' counsel having filed a notice of appearance with the Court ("defense counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Order") and may be used only for purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendants' appellate rights, involving the charges in the above-captioned case.

2.      Absent further order of the Court, the defendants and defense counsel may not disclose or disseminate Discovery Materials to anyone who has not signed this Stipulation and Order, other than to counsels' legal staff, counsel working on the related/overlapping federal and state enforcement and administrative actions, any potential experts (including consulting experts and expert witnesses), vendors, and/or investigators who first are advised of and agree to be bound by the terms of this Stipulation and Order (collectively, "defense staff").  Persons who are interviewed as potential witnesses and counsel or legal staff for potential witnesses may be shown Discovery Materials for purposes of investigating and defending the case.  Should the defendants, defense counsel, or the defense staff choose to provide a copy of any Discovery Materials to a potential witness (or his or her counsel or legal staff), such individuals will be provided with a copy of this Stipulation and Order and will be required to sign Attachment A to

this Stipulation and Order.  Defense counsel shall retain any signed copies of Attachment A in

their files.  Any signed copies of Attachment A retained by defense counsel shall be considered

work product and may only be disclosed by order of the Court upon a showing of good cause by

the government to which defense counsel shall reserve the right to file a response, either publicly

or ex parte in the event such response would disclose defense strategy.

3.     If the defendants or defense counsel seek to make further disclosure or

dissemination of the Discovery Materials, (i) notice must first be provided to the government and

the Court, and such notice must be given sufficiently in advance of the contemplated disclosure

or dissemination so as to permit briefing and argument on the propriety thereof; or

(ii) authorization may be sought from the Court ex parte, if the Court so authorizes;

4.     In the event that the defendants or defense counsel seek to file Discovery

Material with the Court in advance of trial, the defendants and defense counsel will comply with

Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that the Discovery Material

is appropriately redacted to protect PII, commercially sensitive information, and information that

would identify individuals and entities as victims of a crime.  Unredacted copies may be filed

under seal with the Court, if sealing is authorized by the Court.

5.     If the defendants obtains substitute counsel, the defendants, defense

counsel, and defense staff will not transfer any portion of the Discovery Material or any copies,

notes, transcripts, documents, or other information and materials derived or prepared from the

Discovery Material unless and until such counsel becomes counsel of record, has been provided

a copy of this Protective Order, signs Attachment A to this Protective Order, and provides a

signed copy of Attachment A to the government.

6.     The restrictions set forth in this Order do not apply to: (a) documents and materials that are or become part of the public record, including, but not limited to, documents or materials that are received in evidence at other proceedings; or (b) documents or materials that are already within the possession, custody, and control of, or available to, the defendants or defense counsel; or (c) documents or materials that become available to the defendants or defense counsel through some means other than production in this litigation.

7.     Nothing in this Protective Order shall preclude any party from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

8.     The inclusion, if any, of privileged or work-product protected documents in the Discovery Materials, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

9.     In providing Discovery Materials to the defendants and defense counsel, the government shall identify for the defendants and defense counsel materials that the government has identified as potentially subject to a claim of privilege or work-product protection by Ozy Media, Inc and Carlos Watson.  Nothing in this agreement shall be construed as a waiver of any potential motion or objection with respect to the government's procedures for identifying and segregating materials subject to a claim of privilege.

10.    This Order is without prejudice to any claim or argument by any entity or individual that any document in the Discovery Material is privileged or protected and may not be used or disclosed by the government, the defendants, defense counsel or any other entity or individual.

11.     The defendants and their defense counsel will return to the government or certify destruction of all copies of the Discovery Materials provided by the government through discovery in this case at the conclusion of this matter, specifically either within 30 days of (a) a verdict of acquittal rendered by a jury, (b) the date of sentencing if no appeal is filed, (c) the issuance of an appellate decision rendering a final judgment, (d) the conclusion of any collateral appeal or attack on any decision, or (e) conclusion of the related/overlapping Federal and state enforcement and administrative actions, whichever is latest.

12.     In the event the terms of this Order are violated, defense counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

13.     By agreeing to this Order, the defendants and defense counsel are not waiving any rights, including the defendants' right to seek additional discovery from the government.

14.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:       Brooklyn, New York
             April 17              , 2023

                                              BREON PEACE
                                              United States Attorney
                                              Eastern District of New York

_____          By: _____
Noam Biale, Esq.                            Jonathan Siegel
Attorney for Carlos Watson                  Gillian Kassner
                                            Dylan A. Stern
                                            Assistant U.S. Attorneys
_____
Justine A. Harris, Esq.
Attorney for Carlos Watson


_____
Michael Tremonte, Esq.
Attorney for Carlos Watson

_____          _____
Neesha Chhina, Esq.                    Kenneth J. Montgomery, Esq.
Attorney for Carlos Watson             Attorney for Ozy Media, Inc.

_____          _____
Carlos Watson                          Carlos Watson
Defendant                              On Behalf of Defendant Ozy Media, Inc.

SO ORDERED.



_____
THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

14.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:       Brooklyn, New York
             _April 11_____, 2023

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York


_____                By: _____
Noam Biale, Esq.                            Jonathan Siegel
Attorney for Carlos Watson                  Gillian Kassner
                                            Dylan A. Stern
                                            Assistant U.S. Attorneys


_____
Justine A. Harris, Esq.
Attorney for Carlos Watson


_____
Michael Tremonte, Esq.
Attorney for Carlos Watson


_____                _____
Neesha Chhina, Esq.                     Kenneth J. Montgomery, Esq.
Attorney for Carlos Watson              Attorney for Ozy Media, Inc.


_____                _____
Carlos Watson                          Carlos Watson
Defendant                              On Behalf of Defendant Ozy Media, Inc.

SO ORDERED.


s/Eric Komitee        April 21, 2023
_____
THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

6

Attachment A to Protective Order

I have read the attached Protective Order in the matter of <u>United States v. Carlos Watson</u>, No. 23-CR-82 (EK), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |