UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 UNITED STATES OF AMERICA,

                                          <u>**MEMORANDUM & ORDER**</u>
             -against-                       23-CR-82(EK)

 CARLOS WATSON and OZY MEDIA, INC.,

                  Defendants.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

        Following the close of the trial day on June 14, 2024,
the New York Times published an article that referred to a
"statement" issued by Ozy Media's defense counsel, commenting on
certain testimony.[1]  The government subsequently brought to the
Court's attention a number of posts that members of Ozy's
defense team have made on Ozy's social media accounts, which
also comment on the trial and merits of the case.

---

        [1] *See* Danielle Kaye, *Google C.E.O. Testifies in Ozy Media Founder's
Fraud Trial*, N.Y. Times, June 14, 2024,
https://www.nytimes.com/2024/06/14/business/media/google-ceo-ozy-fraud-
trial.html.

        The statement, posted on Ozy Media's Instagram account, reads: "It is
unequivocally untrue that Carlos Watson told anyone that Google offered to
buy OZY for $600 million.  He never had such a conversation with Google and
never told any person that he did.  This allegation is one of many fabricated
stories about OZY's CEO.  OZY Media did not tell any investor or potential
investor that lie.  This testimony shows the extensive coaching of the
government's witnesses to say things that are not true in an effort to
falsely include OZY and Mr. Watson in [cooperating witness] Samir Rao's
crimes."

        The statement is attributed to "Attorney Shannon Frison, Esq. for the
NYTimes."

This district's Local Rule 23.1 (Free Press — Fair Trial Directives) provides that:

> During a jury trial of any criminal matter . . . no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication *if there is a substantial likelihood that such dissemination will interfere with a fair trial* . . . .

L. Crim. R. 23.1(c) (emphasis added).  The rule then goes on to delineate a (non-exhaustive) list of "subject matters" — topics which "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice."  *Id.* This list includes, among other topics, the "credibility of prospective witnesses" and "[a]ny opinion as to . . . the merits of the case or the evidence in the case."  *Id.* at 23.1(d).

\*     \*     \*

In light of the extrajudicial statements referred to above, the Court is contemplating the following order:

Pursuant to EDNY Local Criminal Rule 23.1(h), and upon a finding that a narrowly drawn order governing extrajudicial statements by the parties is the least restrictive corrective measure to ensure a fair trial, the Court orders as follows:

1.   The parties in this case, their attorneys, and their agents are prohibited from publicly disseminating or discussing with any public communications media anything about this case, including statements about the identity, testimony, or credibility of prospective witnesses, information that has not been deemed admissible at trial, and statements intended to influence public opinion regarding the merits of this case.  The defendants are also prohibited from causing others, such as surrogates, family members, spokespersons, representatives, or volunteers, from making such statements on his behalf.

2.   For purposes of this order, the prohibition on attorneys extends to the personnel identified in EDNY Local Criminal Rule 23.1(a), namely, "the lawyer or law firm . . . non-lawyer personnel employed by a lawyer's office or subject to a lawyer's supervision, private investigators acting under the supervision of a criminal defense lawyer, and government agents and police officers."

3.   The prohibition in this order does not apply to assertions of innocence, or references to information that is contained either in publicly-

filed court filings or transcripts of court
proceedings in this case.

4.    This order shall remain in effect until the jury has
rendered a verdict in this case, unless extended by
the Court.


The parties should be prepared to offer any reactions
to this proposed order tomorrow morning.


_____/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    June 17, 2024
          Brooklyn, New York