

June 18, 2024

BY ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 112011

Re: U.S. v. Carlos Watson and OZY Media, Inc – Local Rule 23.1

Dear Judge Komitee:

On June 17, 2024, the Court raised a statement made by undersigned counsel to a New York Times Reporter. The statement was then quoted in an article published on the New York Times website on June 14th, titled "Google C.E.O. Testifies in OZY Media Founder's Fraud Trial. Sundar Pichai, the chief executive of Google, said he never discussed a potential acquisition of the digital media start-up"1.

Regarding this article, the Court cited Local Criminal Rule 23.1 of the Eastern District of New York, the "Free Press-Fair Trial Directives," in considering whether or not counsel's statement is a breach of this rule and indicated the potential for a special order or disciplinary action as a consequence.

The quoted excerpt is the following: "…Mr. Pichai said he interviewed Mr. Watson in February 2021 for a full-time role managing Google's relationships with news publishers. To accept the role, Mr. Watson would have had to step down from OZY, which Google recognized could harm the digital media start-up, another Google executive testified on Thursday. As part of the hiring discussions, Google considered investing about $25 million in OZY "to help with the transition," Mr. Pichai testified when he briefly took the stand. But Mr. Pichai drew a clear distinction between what Google had actually considered and an outright acquisition of OZY. He never discussed a possible takeover — and he never floated a $600 million figure, he told a jury on Friday in U.S. District Court in the Eastern District of New York. Shannon Frison, a defense counsel for OZY, denied the government's allegation that Mr. Watson had told an investor about a $600 million takeover offer from Google, calling

the claim "unequivocally untrue," in a statement on Friday. "He never had such a conversation with Google and never told any person that he did," Ms. Frison said…".

The government also cited a social media post of OZY Media quoting counsel saying that the government's witnesses seem coached. That statement was not in the New York Times but was on social media associated with counsel and the defendant.[1]

Local Criminal Rule 23.1 states that: "(a) It is the duty of the lawyer or law firm, and of non-lawyer personnel employed by a lawyer's office or subject to a lawyer's supervision, private

investigators acting under the supervision of a criminal defense lawyer, and government agents and police officers, not to release or authorize the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice"

The rule also states that "…(c) During a jury trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication if there is a substantial likelihood that such dissemination will interfere with a fair trial; except that the lawyer or the law firm may quote from or refer without comment to public records of the Court in the case".

Furthermore, it explicitly specifies that: "(e) Statements concerning the following subject matters presumptively do not involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of this rule: (…) (7) An announcement, without further comment, that the accused denies the charges, and a brief description of the nature of the defense".

---

[1] "It is unequivocally <u>untrue</u> that Carlos Watson told anyone that Google offered to buy OZY for $600 million. He never had such a conversation with Google and never told any person that he did. This allegation is one of many fabricated stories about OZY's CEO. OZY Media did not tell any investor or potential investor that lie. This testimony shows the extensive coaching of the government's witnesses to say things that are not true in an effort to falsely include OZY and Mr. Watson in Samir Rao's crimes."

Counsel's statement was a denial of the prosecution's assertion that Mr. Watson had disclosed a $600 million takeover bid from Google to an investor. This denial is documented in the public record, aligning with Mr. Watson and OZY's

plea of not guilty to all charges. Moreover, the alleged acquisition of OZY by Google was a pivotal aspect of Mr. Pichai's testimony, explored extensively during both the Government's direct examination and the defenses' cross-examinations.

Denying an allegation made by the Government does not constitute a violation of the cited rule by the Court. In fact, failing to deny allegations in a highly public case like this could be seen as an admission, with the potential to actually undermine Mr. Watson and OZY's right to a fair trial.

Counsel's statements were made in good faith, fulfilling her duty to zealously represent her client. These statements did not contain any false or misleading representations of the matters being raised in the courtroom and were not derived from private records. Instead, they were based on the facts and evidence presented during the ongoing public trial against Mr. Watson and OZY Media.

Attorneys are obligated to zealously represent their clients within the bounds of the law and professional ethics. Denying allegations against a client is a crucial aspect of providing an effective defense.

U.S. Dist. Ct., S.D.N.Y. & E.D.N.Y., Crim. R. 23.1 prohibits only those statements that are "reasonably likely" to interfere with a fair trial or prejudice the due administration of justice. It would go against the advocacy required of a criminal defense counsel to rule that defendant's denial of an allegation made by the prosecution on a trial rises to this standard.

The Sixth Amendment to the U.S. Constitution guarantees the right to a public trial. This provision ensures that criminal trials are open to the public, promoting transparency and accountability in the legal process. By preventing secret proceedings, it safeguards against potential abuses of power and helps maintain public confidence in the justice system. Additionally, the public nature of trials allows for community oversight, ensuring that the rights of the accused are protected and that the trial is conducted fairly. This openness is essential for upholding the principles of justice and democracy.

The Constitutional right to a public trial is a cornerstone of the American judicial system. Such a right can only be limited for extremely compelling reasons that are definitively not present in this case. The jurors were advised not to research the case online nor to look for any information outside this courtroom. The statement made by counsel was not directed at the jury, nor meant to affect the administration of justice.

OZY Media has no objection to the Court's proposed special order.

-4-

  6/18/2024

_____
Shannon Frison, Esq. USMC
FRISON LAW FIRM, P.C.
75 State Street
Suite 100
Boston, MA 02109
shannon@frisonlawfirm.com
(617) 706-0724