UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

United States of America Case No. 23-82

v. Carlos Watson, *Defendant*

Stayed pending the appeal 7/31/24

So-ordered and stay lifted 8/22/24 pk

## ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:

( ☐ ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or

( ☑ ) Upon **Bond** executed by the defendant in the amount of $ 3M , which shall be

☐ unsecured; ☑ cosigned by the financially responsible sureties identified on this bond;

☑ secured by Collateral set forth on the Appearance Bond Supplement. As noted on pages

## CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2) The defendant must not commit a federal, state or local crime while on release.
(3) The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4) The defendant must advise the Court in writing before making any change in residence or telephone number.
(5) The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7) As marked below, the defendant must also:

( ☑ ) (a) submit to ~~pretrial~~ supervision and report to ~~Pretrial Services~~ as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.

( ☐ ) (b) ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.

( ☑ ) (c) surrender any passport to ~~Pretrial Services~~ by already surrendered and not obtain a passport or any international travel document.

( ☑ ) (d) not leave the following areas except for travel to and from court: ☑ New York City; ☐ Long Island; ☐ New York State; ☐ New Jersey; ☐ Continental United States; ☑ as approved by Pretrial Services; PTS ☑ other: travel to/from ~~Menlo Park~~, Mountain View, CA

( ☐ ) (e) not have any contact with the following individual(s), location or entity: current/former Associates of OZY, co-conspirators, victims, witnesses exception the ~~property~~ of wood (excluding Beverly Watson) pk 8/22/24

( ☑ ) (f) maintain residence at: 435 Kent Dr. Mountain View, CA or at a location approved by ~~Pretrial Services~~.

( ☐ ) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.

( ☐ ) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.

( ☐ ) (i) be subject to the following component of location monitoring, GPS with technology as determined by Pretrial Services:

( ☐ ) (i) **Curfew** – restricted to residence ☐ ~~daily from~~ ________ to ________ ; or ☐ as directed by Pretrial Services.

( ☐ ) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: Religious services, lawyer visits,

( ☑ ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court. visits to father + sister Crystal with Pretrial

( ☐ ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.

( ☑ ) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services. with prior approval by ~~Probation~~ Pretrial

( ☐ ) (k) Employment to be evaluated by PTS ~~Probation~~ + the Court.

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

| , *Surety* | *Address* | *Date* |
|---|---|---|
| , *Surety* | *Address* | *Date* |
| , *Surety* | *Address* | *Date* |

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (*i.e.*, must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  - (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  - (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
  - (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  - (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

[signature]
*Defendant's Signature*

Release of the Defendant is hereby ordered on 7/31/24 [signature] USMJ
*Date* *Judicial Officer's Signature*

STAYED UNTIL SO ordered

Stay lifted – so-ordered 8/22/24 [initials]

Docket No. 23-82

PAGE 3 OF 8

## Appearance Bond Supplement

Defendant: Carlos Watson Amount of Bond: $ 3m

The following surety or sureties, which may include the defendant, acknowledge that they have read the Order Setting Conditions of Release and Appearance Bond or had these conditions explained to them. They further acknowledge that they, jointly and severally, are bound to pay the United States of America the sum of the amount of the bond as set forth in that Order. Their obligation shall be secured by their interest in the following Collateral:

- [ ] Cash deposited in the Registry of the Court in the sum of $ ____________ ;
- [x] Property (premises, securities, bonds or other asset) identified below;
- [x] For any premises, the surety agrees to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney's Office, to be duly filed with the proper local or state authorities on or before 8/14/24
- [x] For any securities, bonds or other assets, the surety agrees to have the property restrained.

Each owner of the Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while the Appearance Bond is in effect.

| Signature | Address | | Acknowledged Before |
|---|---|---|---|
| $3m | | | |
| ~~Beverly Watson~~, Surety | | | |
| ~~Caroline Watson~~, Surety | | | |
| Ann Michelle W / Ann Michelle Watson, Surety | | | |
| Allison Wallace Estes, Surety | | | |
| Terri Thomas (by MJ Kuo) / Terri Thomas, Surety | | | USMJ |
| , Surety | | | |

Signed and Acknowledged by all the above sureties before me on ____________, 20 ___ ____________, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties: Retirement

Property located at: ____

Owned by: ____

Property located at: ____

Owned by: ____

Property located at: ____ Allison Wallace Estes

Owned by: ____ only for GL Estes Wallace 7/31/24

Docket No. 23-82 PAGE 4 OF 6

**Appearance Bond Supplement**

Defendant: Carlos Watson Amount of Bond: $ $3 m

The following surety or sureties, which may include the defendant, acknowledge that they have read the Order Setting Conditions of Release and Appearance Bond or had these conditions explained to them. They further acknowledge that they, jointly and severally, are bound to pay the United States of America the sum of the amount of the bond as set forth in that Order. Their obligation shall be secured by their interest in the following Collateral:

☐ Cash deposited in the Registry of the Court in the sum of $ ____________ ;
☐ Property (premises, securities, bonds or other asset) identified below;
☐ For any premises, the surety agrees to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney's Office, to be duly filed with the proper local or state authorities on or before 8/14/24.
☐ For any securities, bonds or other assets, the surety agrees to have the property restrained.

Each owner of the Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while the Appearance Bond is in effect.

For Virginia Property described in attached document $750,000

| Signature | Address | Date | Acknowledged Before |
| --- | --- | --- | --- |
| Otis Blackshear, Surety | | | USMJ |
| Mildred T Chaney, Surety | | | USMJ |
| Susan Thomas, Surety | | | USMJ |
| Jeanette Shores, Surety | | | USMJ |
| James Arond, Surety | | | USMJ |
| Beverly Watson, Surety | | | USMJ |

Signed and Acknowledged by all the above sureties before me on , 20

Carlos Watson
Carolyn Watson
Beverly Watson POA

The bond shall be secured by the interest of the surety in the following property or properties:

Property located at: ____________

Owned by: ____________

Property located at: ____________

Owned by: ____________

Property located at: ____________

Owned by: ____________

Docket No. ______________________ PAGE 8 OF 8

**Appearance Bond Supplement**

Defendant: Carlos Watson Amount of Bond: $ 3m

The following surety or sureties, which may include the defendant, acknowledge that they have read the Order Setting Conditions of Release and Appearance Bond or had these conditions explained to them. They further acknowledge that they, jointly and severally, are bound to pay the United States of America the sum of the amount of the bond as set forth in that Order. Their obligation shall be secured by their interest in the following Collateral:

- ☐ Cash deposited in the Registry of the Court in the sum of $ ______________ ;
- ☐ Property (premises, securities, bonds or other asset) identified below;
- ☐ For any premises, the surety agrees to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney's Office, to be duly filed with the proper local or state authorities on or before 8/14/24.
- ☐ For any securities, bonds or other assets, the surety agrees to have the property restrained.

Each owner of the Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while the Appearance Bond is in effect.

| Signature | Address | Date | Acknowledged Before |
|---|---|---|---|
| [signature], Surety | Virginia Property | PA | ______ USMJ |
| [signature] Griffith, Surety | | TX | ______ USMJ |
| [signature] Kyle Thompson, Surety | | 60201 | ______ USMJ |
| [signature] Terri Thompson, Surety | | | ______ USMJ |
| [signature], Surety | | | ______ USMJ |
| ______, Surety | | | ______ USMJ |
| ______, Surety | | | ______ USMJ |

**Signed and Acknowledged by all the above sureties before me on** ______________, 20 ____ ______________________, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

Property located at: ______________________________

Owned by: ______________________________

Property located at: ______________________________

Owned by: ______________________________

Property located at: ______________________________

Owned by: ______________________________

6

54133

Witness the following signatures and seals.

James H. Martin (SEAL)

Otelia B. Martin (SEAL)

Virginia, County of Gloucester, to-wit:

I, Eliza L. Cary, a Notary Public in and for the County aforesaid, in the State of Virginia, whose commission as such expires on the 16 day of Sept. 1929, do hereby certify that James H. Martin and Otelia B. Martin, his wife, whose names are signed to this deed dated May 29, 1928, have acknowledged the same before me in my county aforesaid.

Given under my hand this 31 day of May 1928,

Eliza L. Cary, Notary Public.

(For Plat, See Clerk's Plat Book No. 1, page 7)

THIS DEED AND PLAT, with the certificates annexed thereto, were delivered to the Clerk of the Circuit Court of Gloucester County, Virginia, on the 31st. day of May, 1928, admitted to record at 2:50 o'clock P. M. and are recorded.

Teste:

B. B. Roane, Clerk.

By A. O. Watt, Deputy Clerk.

Examined 6/21/1928.

---

288

Ernest F. Eastwood-----(W) ::
to (28-19/20A; $300; W.D. ::
Otto M. Thomas----------(C) ::
5/25/28 5/31/28 ::

THIS DEED made this 25th. day of May 1928, between Ernest F. Eastwood, unmarried, party of the first part and Otto M. Thomas party of the second part all of the County of Gloucester, State of Virginia.

WITNESSETH: That for and in consideration of Three Hundred Dollars the party of the first part grants and conveys with general warranty of title the following property: All that tract or parcel of land lying or being in Ware Magisterial District in the County of Gloucester, containing twenty eight and nineteen twentieths (28 19/20) acres of land and bounded as follows on the North by the land of which B. C. Newcomb died seized, on the North and North East by the main county road leading from Sassafras to Bellamy's Church, on the South by the ~~South by the~~ lands of James A. Lemon and on the west by the lands of ___ Booker. It being the same land that was conveyed to Ernest F. Eastwood by George E. Cary, Special Commissioner by a deed dated November the 8th. 1926 and recorded in the Clerk's Office of the Circuit Court of Gloucester County, Virginia in D. B. 51, at page 476.

The party of the first part covenants that he is seized of the said land in fee simple, that he has the right to convey the same; that the party of the second part shall have quiet possession thereof, free from all encumbrances and that the party of the first part shall execute such further assurances as may be requisite.

Witness the following signatures and seal.

Ernest F. Eastwood (SEAL)

State of Virginia, County of Gloucester, to-wit:

I, Ethel Teagle, a Notary Public in and for the county aforesaid in the State of Virginia, do certify that Ernest F. Eastwood, whose name is signed to the foregoing writing bearing date the 25th. day of May 1928, has acknowledged the same before me in my county aforesaid and that my commission expires on the 7th day of October 1929.

Given under my hand this 25th. day of May 1928.

Ethel Teagle N. P.

54/34

THIS DEED, with the certificate annexed thereto, was delivered to the Clerk of the Circuit Court of Gloucester County, Virginia, on the 31st.day of May,1928,admitted to record at 3 o'clock P. M. and is recorded.

Teste:

B. B. Roane, Clerk.

By [signature], Deputy Clerk.

Examined 8/22/1928.

---

289

| | |
|---|---|
| Otto M. Thomas ------------(C) | |
| to($200;28-19/20A;W.D. | |
| David H. Lindsay, Trustee--(V) for | |
| Ernest F. Eastwood | |
| 5/25/28 5/31/28 | |

THIS DEED made this 25th. day of May 1928, between Otto M. Thomas party of the first part and David H. Lindsay Trustee, party of the second part. WITNESSETH: That in consideration of the conditions herein the said Otto M. Thomas grants and conveys with general warranty of title to the said David H. Lindsay, Trustee all that certain tract or parcel of land lying or being in Ware Magisterial District, Gloucester County, Virginia, containing twenty eight and nineteen twentieths (28 19/20) acres and bounded as follows: On the North by the lands of which B. C. Newcomb died seized, on the North and North East by the main county road leading from Sassafras to Bellamy's Church, on the South by the land of James A. Lemon and on the West by the land of ____Booker. It being the same tract or parcel of land which was conveyed to the said Otto M. Thomas by Ernest F. Eastwood by his deed dated May the 25th. 1928, and of record in the Clerk's Office of Gloucester County, Virginia in D. B. 54 page 33. This deed is made in trust subject to section 5167 of the Code of Virginia of 1919 to secure the payment of the sum of $200.00 evidenced by a note for the sum of $200.00 payable to the order of Ernest F. Eastwood, six months after date with interest from dated at six per cent per annum. As to the payment of which the maker waives the benefit of his homestead exemption. If default be made in the payment of the said note when it shall become due and payable the said Trustee on being requested by the note holder shall foreclose this deed of trust as provided by law. If no default be made in the above obligation then the party of the first part shall have a good release at his proper costs.

Witness the following signature and seal.

Otto M. Thomas (SEAL)

State of Virginia, County of Gloucester, to-wit:

I, Ethel Teagle, a Notary Public in and for the county aforesaid in the State of Virginia, do certify that Otto M. Thomas, whose name is signed to the foregoing writing bearing date the 25th. day of May 1928, has acknowledged the same before me in my county aforesaid and that my commission expires on the 7th day of October, 1929.

Given under my hand this 26 day of May 1928.

Ethel Teagle, N. P.

THIS DEED, with the certificate annexed thereto, was delivered to the Clerk of the Circuit Court of Gloucester County, Virginia, on the 31st. day of May,1928,admitted to record at3:05 o'clock P. M. and is recorded.

Teste:

B. B. Roane, Clerk.

By [signature], Deputy Clerk.

Examined 8/22/1928.

---

The debt secured by this deed of trust has been fully paid and the said deed of trust is hereby released. Given under my hand this 20 day of May 1929

Ernest F. Eastwood

Attest: B. B. Roane, Clerk

The Note secured by this deed of trust this day produced before me cancelled in my office duly. Given under my hand this 20th day of May 1929

B. B. Roane, Clerk

be made in the payment of the above-mentioned debt, then upon the request of the parties of the first part, or their assigns, a good release of said property shall be executed to them at their costs.

Witness the following signatures and seals.

W. C. Thomas (Seal)

Effie P. Thomas (Seal)

State of Virginia, County of Gloucester, to-wit:

I, Hannibal Rowe Notary Public for the County aforesaid, in the State of Virginia do certify that W. C. Thomas and Effie P. Thomas his wife, whose names are signed to the writing hereto annexed, bearing date on the 10th day of Oct. 1929, have acknowledged the same before me in my County aforesaid.

Given under my hand this 16th day of October, 1929.

Hannibal Rowe, N. P.

My Commission expires November 13th 1931.

THIS DEED, with the certificate annexed thereto, was delivered to the Clerk of the Circuit Court of Gloucester County, Virginia, on the 14th day of November, 1931, admitted to record at 9:27 o'clock A. M. and is recorded.

Teste:

B. D. Roane, Clerk.

By H.O.Wyatt, Deputy Clerk.

Examined 2/1/6/1932

For sale of land conveyed by this Deed of Trust, see Deed Book No. 71 Page 227. Given under my hand this 10th day of May, 1944. H.O.Wyatt, Clerk

59/137

629

J. A. Lemon-----------(C) ::
to(12.02A;$333.50;W.D.
O. M. Thomas----------(C) ::
9/26/31 11/14/31

THIS DEED, made this 26th day of September, in the year one thousand nine hundred and Thirty one between J. A. Lemon of Gloucester Va. party of the first part, and O. M. Thomas of same County party of the second part; WITNESSETH, That, for and in consideration of the sum of Three Hundred and thirty three 50/100 dollars ($333.50) the receipt of which is hereby acknowledged, the said J. A. Lemon party of the first _ doth bargain, sell and by these presents doth grant and convey to him the said O. M. Thomas party of the 2d part all of his rights therein and title thereto with quiet possession forever with General War_anty, all that certain parcel of land lying and being in the County of Gloucester Va, in the part thereof known as Ware Magisterial Dist. located just below Bellamys Church, containing Twelve 02/100 acres and bounded on the West, by a corner with Virgil Jacksons at a small bridge, on the center there of, up the small run, following Jackson's line, on the South beginning at small bridge, thence along a road 20 feet wide to be an outlet to all adjacent land owners, to a stob on the West side of J. A. Lemon's land which lies bwt. this land and the Public Road from Bellamys Ch. to Lemon's cor. Thence on East side of the western boundary of J. A. Lemon's land to a stob marked by 3 pointers, On the North from these pointers to a corner of Virgil Jackson land and others adjoining this. This 12 02/100 acres herein conveyed is a part of an original purchase made by Reuben Berkley and J.A.Lemon, of which said purchase when deeded J. A. Lemon was to have 28 95/100 acres, all of which has now been sold as follows. This deed of 12.02 acres with a previous purchase of 8.25 a by same party No.2 Virgil Jackson 4.56 acres, and J. A. Lemon still retaining 4.12 a on the Public Road making the total of 28.95 a (12.02 + 8.25 + 4.56 +4.12)= 28.95. The road on the South is for the use of all adjacent land owners. The said J. A. Lemon party of the first part covenant_ that he has the right to convey the said land to the grantee; that he has done no act to encumber the said

9

land; that the grantee shall have quiet possession of the said land free from all encumbrances, and that he the said party of the first part, will execute such further assurance of the said land as may be requisite.

Witness the following signatures and seals:

J. A. Lemon (Seal)

54/138

State of Penna, County of Lycoming, to-wit:

I, Fred O. Mitstifer Notary Public for the County aforesaid, in the State of Penna. do certify that J. A. Lemon whose name is signed to the writing hereto annexed, bearing date on the 26th day of Sept. 1931, has acknowledged the same before me in my County aforesaid.

Given under my hand, this 26th day of Sept. 1931.

Fred O. Mitstifer, N. P.

My Commission Expires

March 7th, 1933.

Received the original deed Dec. 19 1931 O. M. Thomas

THIS DEED, with the certificate annexed thereto, was delivered to the Clerk of the Circuit Court of Gloucester County, Virginia, on the 14th day of November, 1931, admitted to record at 12:10 o'clock P. M. and is recorded.

Teste:

B. B. Roane, Clerk.

By A. C. Watt, Deputy Clerk.

Examined 12/19/1931

630

James M. Delevett---(W) :: to(Release Deed :: Allen C. Fitzhugh---(W) :: 11/12/31 11/14/31 ::

THIS DEED OF RELEASE, made this 12th day of November in the year 1931, between James M. Delevett, party of the first part, and Allen C. Fitzhugh, party of the second part. WITNESSETH, THAT WHEREAS, by mortgage dated November 30th, 1927, and recorded in the Clerk's Office of the Circuit Court of the County of Gloucester, in the State of Virginia, in Deed Book No. 53, at pages 411-12-13, the said Allen C. Fitzhugh, party of the second part conveyed to the said James M. Delevett, a tract of land in the said County of Gloucester, State of Virginia, containing Three Hundred Acres, more or less, called and known as "Boxley", to secure the payment to said James M. Delevett of the sum of Five Thousand Dollars, and the interest to accrue thereon; AND WHEREAS the said sum of Five Thousand Dollars has been paid to said James M. Delevett, together with all interest thereon; NOW THEREFORE, in consideration of the premises and of the payment of the debt hereinbefore recited, the said James M. Delevett doth release and discharge from the lien of said mortgage said tract of Three Hundred acres, and doth convey the same to the said Allen C. Fitzhugh, party of the second part, and for a more accurate description of the same reference is here made to the aforesaid mortgage.

Witness the following signature and seal.

James M. Delevett (Seal)

State of Penna. City of Phila, to-wit:

I, Mollye Rodovsky a Notary Public for the City aforesaid, in the State of Penna, do certify that James M. Delevett, whose name is signed to the above writing bearing dat_ on the 12th day of November 1931, has acknowledged the same before me in my City aforesaid.

Supplemental page 10

Docket No. 23-82 PAGE ____ OF ____

**Appearance Bond Supplement**

Defendant: Carlos Watson Amount of Bond: $ 3m

The following surety or sureties, which may include the defendant, acknowledge that they have read the Order Setting Conditions of Release and Appearance Bond or had these conditions explained to them. They further acknowledge that they, jointly and severally, are bound to pay the United States of America the sum of the amount of the bond as set forth in that Order. Their obligation shall be secured by their interest in the following Collateral:

- [ ] Cash deposited in the Registry of the Court in the sum of $ ____________;
- [ ] ~~Property~~ (premises, securities, bonds or other asset) identified below;
- [x] For any premises, the surety agrees to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney's Office, to be duly filed with the proper local or state authorities on or before 8/14/24.
- [x] For any securities, bonds or other assets, the surety agrees to have the property restrained.

Only Limit — Each owner of the Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while the Appearance Bond is in effect.

| Signature | Address | Date | Acknowledged Before |
|---|---|---|---|
| $1,000,000 Kosmas Kalliarekos — KOSMAS Kalliarekos, Surety | Rd | | plc 8/22/24 USMJ |
| $12,500 only Amy Troner — Amy Troner, Surety | AL, UK | | USMJ |
| $50,000 only Michael Troner — Michael Troner, Surety | | | plc 8/22/24 USMJ |
| $100,000 only Jacqueline Mattis — Jacqueline Mattis, Surety | | | USMJ |
| ____________, Surety | | | USMJ |
| $300,000,000.00 [signature] Empire Bonding + Insurance company, Surety | | | plc 8/22/24 USMJ |

**Signed and Acknowledged by all the above sureties before me on** ____________, 20____ ____________, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

Property located at: ____________

Owned by: ____________

Property located at: ____________ Schwab Acct Stock

Owned by: ____________

Property located at: ____________ UK Bank Acct

Owned by: ____________ UK $12,500

Docket No. ______ supplied page PAGE 11 OF ______

**Appearance Bond Supplement**

Defendant: Watson Amount of Bond: $ 3 m

The following surety or sureties, which may include the defendant, acknowledge that they have read the Order Setting Conditions of Release and Appearance Bond or had these conditions explained to them. They further acknowledge that they, jointly and severally, are bound to pay the United States of America the sum of the amount of the bond as set forth in that Order. Their obligation shall be secured by their interest in the following Collateral:

- ☐ Cash deposited in the Registry of the Court in the sum of $ ______ ;
- ☐ Property (premises, securities, bonds or other asset) identified below;
- ☐ For any premises, the surety agrees to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney's Office, to be duly filed with the proper local or state authorities on or before 8/14/24
- ☐ For any securities, bonds or other assets, the surety agrees to have the property restrained.

Each owner of the Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while the Appearance Bond is in effect.

| Signature | Address | Date | Acknowledged Before |
|---|---|---|---|
| ______, Surety | | | ______ USMJ |
| ______, Surety | | | ______ USMJ |
| ______, Surety | | | ______ USMJ |
| ______, Surety | | | ______ USMJ |
| ______, Surety | | | ______ USMJ |
| ______, Surety | | | ______ USMJ |

Signed and Acknowledged by all the above sureties before me on ______, 20 ___ ______, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

Property located at: Money Market Truist Bank

Owned by: Michael Trenker

Property located at: TIA Retirement, TIA Mutual Fund, Ameriprise, US Bank Acct

Owned by: Jacqueline Mattis

Property located at: ______

Owned by: ______

Only the Original Power Of Attorney will bind this surety.

**POWER OF ATTORNEY**
**EMPIRE BONDING & INSURANCE COMPANY**
**293 Foxhurst Road~Oceanside, NY 11572~PHONE (516) 536-5555**

POWER #: 2024-II-000326

THIS POWER OF ATTORNEY IS NULL AND VOID UNLESS USED BEFORE 01/01/2025

KNOW ALL MEN BY THESE PRESENTS, that, EMPIRE BONDING & INSURANCE COMPANY, a corporation duly organized and existing under the laws of the State of NEW YORK hereby constitutes and appoints, subject to any General Qualifying Power of Attorney or other legal prerequisite, as its true and lawful attorney-in-fact the person signing below as Attorney-In-Fact, with full power and authority to sign the Company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the Company as fully and to all intents and purposes as if done by the regularly elected officers at its home office in their own proper person; and the Company hereby ratifies and confirms all and whatsoever its attorney-in-fact may lawfully do and perform in the premises by virtue of these presents.

THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF THREE HUNDRED THOUSAND DOLLARS. THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, VOID IF USED TO FURNISH BAIL ON THE SUBJECT BOND IN EXCESS OF THE STATED MAXIMUM AMOUNT OF THIS POWER AND VOID IF USED WITH OTHER POWERS OF THIS COMPANY OR OTHER POWERS OF OTHER COMPANIES TO MAKE BAIL ON THE SUBJECT BOND. EACH POWER OF ATTORNEY CAN ONLY BE USED ONCE AND MAY BE EXECUTED ONLY FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS.

**| NOT VALID FOR IMMIGRATION BONDS |**

Bond Amount: 300,000

Defendant: CArlos WATSon

First Court Date: 11/18-24 Case Number: 23 CR 82

Defendant's Address: 435 Kent DT mT View CAlF

Court: EAStern County/City: BK.

Offense(s): FrauD

Date of Execution: Aug-22-24 Court Assigned Agent #:

Attorney-In-Fact: IRA JuDelSon [signature]

Print Name Signature

IN WITNESS WHEREOF, EMPIRE BONDING & INSURANCE CO. by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its President and attested by its Secretary this 26th day of April, 2011.

[signature]
President

[signature]
Secretary

EMPIRE BONDING & INSURANCE COMPANY 2009

1. A separate Power of Attorney must be attached to each bond executed.
2. Power of Attorney must not be returned to Attorney-in-fact, but should remain a permanent part of court records.
3. The authority of such attorney-in-fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to release conditions, travel limitations, payment of fines, restitution, or penalties, or any other conditions imposed by a court not specifically related to court appearances.