```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

 UNITED STATES OF AMERICA,
                                           AMENDED
           -against-                       MEMORANDUM & ORDER
                                           23-CR-82(EK)
 OZY MEDIA, INC.,

                  Defendant.
-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

WHEREAS, on or about July 16, 2024, Ozy Media, Inc. (the "defendant") was convicted after a jury trial of Counts One and Two of the above-captioned Indictment, charging violations of 18 U.S.C. § 371, to wit: conspiracy to violate 15 U.S.C. §§ 78j(b) and 78ff; and 18 U.S.C. § 1349, to wit, conspiracy to violate 18 U.S.C. § 1343; and

WHEREAS, the Court has determined that pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant shall forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violations of 18 U.S.C. §§ 371 and 1349, and/or any substitute assets, pursuant to 21 U.S.C. § 853(p), which shall be reduced to a forfeiture money judgment (the "Forfeiture Money Judgment").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

2. The full amount of the Forfeiture Money Judgment is $59,590,357.37.

3. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the check. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the instrument. The Forfeiture Money Judgment shall be paid in full 30 days after the filing of this amended Order (the "Due Date").  Any payment or other collection of the Forfeiture Money Judgment entered against defendant Watson shall be credited toward the Forfeiture Money Judgment entered against the defendant.

4. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property it owns up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p).

5. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment.

7. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order, and any amendment(s) thereto, shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction.

This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2) and (e)(1). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Law Clerk Jennifer Lai, 271-A Cadman Plaza East, Brooklyn, New York 11201.

SO ORDERED.

                                                                     /s/ Eric Komitee
                                                 ERIC KOMITEE
                                                 United States District Judge

Dated:    February 26, 2025
            Brooklyn, New York